DOCKET NUMBER:

CIVIL DISTRICT COURT OF THE STATE OF LOUSIANA
COUNTY OF BOSSIER PARISH

---

JOHN DOE,

Plaintiff

He is commencing a sealed case on his behalf of himself.                    1: 23-cv-1164 (GTS/DJS)

-against-

BOSSIER PARISH COMMUNITY COLLEGE,
CHANCELLOR DR. RICK BATEMAN OF BOSSIER PARISH COMMUNITY COLLEGE
COMMUNITY ON
JOHN DOE OR JANE DOE as Students as

Defendants

---

## EX PARTE MOTION AND ORDER FOR SEAL THE CASE OR EX PARTE MOTION TO REQUEST TO PROCEED UNDER A PSEUDONYM

The Motion of John Doe, who is the Plaintiff in the above-entitled and number and is domiciled in the State and Parish aforesaid, respectfully as follows:

I.

## INTRODUCTION

**1.**

Plaintiff John Doe ("Plaintiff") respectfully requests this Court's Leave to proceed under pseudonyms to protect their identities from public disclosure. At the same time, they pursue their right to file an Order to Show Cause for a preliminary injunction and Emergency Motion to Stay by a temporary restraining order against all Defendants.

Plaintiff respectfully moves the Court to allow her to proceed under a pseudonym and requires that "[t]the title of a complaint must name all the parties." Under limited circumstances, however, courts allow parties to proceed under a pseudonym like "John Doe" to preserve their anonymity.

**2.**

Neither the **Eighth Circuit nor the Supreme Court has expressly addressed the circumstances under which district courts should allow parties to remain anonymous**. But several other courts have confronted the issue and articulated various considerations. No single factor is dispositive. The Court should "carefully review all the circumstances of a given case and then decide

1

whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." **Heather K. by Anita K. v. City of Mallard, Iowa, 887 F. Supp. 1249, 1256 (N.D. Iowa 1995)** (internal quotation marks omitted). In performing the analysis, the court "must balance the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party." Do I thru **XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1068 (9th Cir. 2000) (citing, inter alia, Doe v. RURAL COMMUNITY WORKERS ALLIANCE and; JANE DOE; Plaintiffs, v. SMITHFIELD FOODS, INC. AND SMITHFIELD FRESH MEATS CORP., Defendants. Case 5:20-cv-06063-DGK Document 42 Filed 04/29/20 Page 1 of 5 2 Stegall, 653 F.2d 180, 186 (5th Cir. 1981); M.M. v. Zavaras, 139 F.3d 798, 803 (10th Cir. 1998); Doe v. Frank, 951 F.2d 320, 323-24 (11th Cir. 1992)).**

II.

## GENERAL ARGUMENT

**3.**

Mover desires for Leave to File Under Seal and for Leave to proceed under a pseudonym for the reasons sensitive information or sensitive in nature. The Plaintiff must be Plaintiff John Doe filing of the Complaint, Amended Complaint, and others containing private, potentially embarrassing that is easily upsetting by the Defendants say or do, causing Plaintiff to be upset and embarrassing Plaintiff.

> The private, potentially embarrassing, easily upsetting, specifically in paragraphs 21 -50 Of the original complaint.
> Plaintiff **attached a Memorandum of Law in support of the request to proceed with a Pseudonym.**
> Plaintiff attached an affidavit in support of the Motion for Leave to proceed as a Pseudonym to prove his need, and it must be Pseudonym and seal.
> Because there may be possible minors, addresses, dates of birth, and social security in a personal nature may be presented inadvertently by discovery or disclosure practices.

1. Plaintiff's Sensitive data is confidential information that must be kept safe and out of reach from all outsiders unless they have permission to access it, which Plaintiff John Doe will not grant. This case is about a susceptible sexual matter that is embarrassing and humiliating that Defendants caused for the rest of his life because Plaintiff John Doe **is an outcast because of Defendant's cause by gaslighting, false misleading, and misrepresentation to be banned from restaurants and hotels. That is true in this state and upon information and belief in other states.** Plaintiff John Doe attached psychiatrists as

2. Because of lies, Plaintiff John Doe was homeless from March 22 to March 30, 2023. Plaintiff John Doe should be awarded total compensation for Defendants' Contact.

3. Plaintiff has seen a psychiatrist.

A. <u>What is an example of highly sensitive information</u>?

**<u>Highly Sensitive Data (HSD )also includes health information that reveals an individual's health condition and/or medical history.</u>**

B. What are the four types of sensitive information? OR

C. **Sensitive information is personal information that includes information or an opinion about an individual's:**

- A. racial or ethnic origin.
- B. political opinions or associations.
- C. religious or philosophical beliefs.
- D. trade union membership or associations.
- E. sexual orientation or practices or sexual conduct.
- F. criminal record.
- G. **<u>health</u>** or genetic information.

- **4.**

The fact that it contained inappropriate truth but was offensive to the public and to Plaintiff John Doe must be sealed. Mr. Gilbert Lau must be a pseudonym in the above entitled and assigned number matter to protect his reputation.

Upon information and belief, Defendant John Doe as a Private Student, Defendant John Doe as a Private Student, or Defendant Jane Doe as a Private Student may be minors 17 years or 18 years of age.

H. This case should be sealed because of additional reasons.

I. Plaintiff's attached Affidavit in Support of John Doe's real name Why must be Pseudonym and why this must be as sealed as a matter of fact as **Annexed as Exhibit A hereto is a true and correct Affidavit in Support by Gilbert Lau aka Plaintiff John Doe.**

**5.**

Plaintiff's attached Memorandum of Law for Ex Parte motion.

**6.**

Plaintiff John Doe faces real and serious risks if his identity is exposed. He has personally experienced retaliation from Defendant Bossier Parish Community College, Defendant Dr. Rick Batman, and Defendant Committee Student Standard believed Defendant John Doe or Defendant Jane Doe as students by expelling Plaintiff John Doe. He needs the Order to Show Cause for preliminary injunction and TRO Application to exercise his legal rights to protect himself against Defendant Bossier Parish Community College, Defendant Dr. Rick Batman, and Defendant Committee Student Standard believed Defendant John Doe or Defendant Jane Doe as students.

**7.**

Plaintiff John Doe faces real and serious risks if his identity is exposed because Plaintiff John Doe cannot apply for Louisiana State University, Northwestern University, SUNY Sullivan (Sullivan County Community College), etc. Plaintiff is trying to buy potatoes crips in Thrifty Liquor or possibly to any other University or ivy league University such as Louisiana Tech University at Ruston, Louisiana, USA, Oxford University in Oxford, England, UK, SUNY Sullivan because the Defendant Bossier Parish Community College blacklisted the Plaintiff from going to these colleges upon information and nature belief and Plaintiff needs to protect by having his name as an privacy concerns outweigh the public's interest in knowing their identities and any harm to the Parties from failure to disclose their names filed for the reason of free from retaliation, physical and financial harm, harassment, "Quip Pro Quo" illegal control, and ridicule and for **Plaintiff's protection prohibited or ban from attending other colleges and universities or ivy league universities and Plaintiff John Doe is a successful student at Defendant Bossier Parish Community College and Society it is unfortunate the is using Illegal "Quip Pro Quo" illegal tactics to contract the Plaintiff committed a criminal illegally active that violent the Plaintiff John Doe of his Fifth Amendment right under the U.S. Constitution.**

**8.**

Furthermore, Plaintiff needs to protect by having his name as privacy concerns outweigh the public's interest in knowing their identities and any harm to the Parties from failure to disclose their names filed for the reason of free from Plaintiff tends to go to law school. The Plaintiff must maintain ethical perfection Defenders are trying to sabotage it because **Defendant, Bossier Parish Community College, has no underline collaborative evidence** but only relied upon hearsay statements is **"not collaborative evidence,"** as a matter of fact.

**9.**

Anonymous litigation has become an accepted method of proceeding in appropriate cases, both in Louisiana law and around the country, and this is a paradigm case for allowing Plaintiff to sue anonymously. Plaintiff here challenges the Government College system in lying and the Defendant's shame, embarrassment, humiliation, and mental trauma. Plaintiff John Doe's psychiatrist had issued him psych medication of **Zyprexa, Prozac, etc.,** because of the mental anguish from the Defendants, which caused him to fail school because of the Defendants' reckless behavior to the Plaintiff and at school without parental notice, involvement, or consent, as a violation of their constitutional right to direct the upbringing of their children. The Fifth, Sixth, Seventh, and Ninth Circuits and multiple district courts have allowed. Student (Plaintiff John Doe) to sue anonymously in nearly identical circumstances: where parents brought challenges to various policies intermixing schools with religion as a violation of the First Amendment (the federal analog to article 1, section 18 of the Wisconsin Constitution, which Plaintiffs invoke here). **E.g., Doe ex rel. Doe v. Elmbrook Sch. Dist., 658 F.3d 710, 721–24 (7th Cir. 2011).**

Courts recognize that cases tend to arouse strong emotions in the affected community, creating a significant risk that the Plaintiff, John Doe, will suffer social ostracism, harassment, economic injury, governmental retaliation, and even physical violence. And, given that these cases ultimately turn on the purely legal question of whether a controversial policy is constitutional, courts regularly find that there is little to no need for the public or the College District to know the plaintiffs' identities. As in those similar cases, this case raises several issues which are likely to generate strong reactions in the community: the interplay of false accusing of view sexual material conduct and Plaintiff John Doe's demands for damage against Defendant Bossier Parish Community College and their Co-Defendants, the protection of Student Mr. John Doe, the role of public schools, respect for religious freedom, and Student's rights. Given the sensitive issues, the Plaintiffs reasonably fear that they or other students like Plaintiff John Doe will suffer harassment and retaliation for participating in this lawsuit. Allowing the Plaintiffs to proceed anonymously will not prejudice the district. Hence, the safety, well-being, and privacy of the Plaintiffs and their children far outweigh the communities' and the public's interest in knowing their identities. Accordingly, the Plaintiffs respectfully request an order permitting them to proceed with this case using pseudonyms.

**10.**

Judicial proceedings presumptively are open to the public, including the names of parties litigating disputes. The public has a "legitimate interest in knowing which disputes involving which parties are before the federal courts supported with tax payments and that exists ultimately to serve the American public." **Doe v. Indiana Black Expo, Inc., 923 F. Supp. 137, 139 (S.D. Ind. 1996).**

**11.**

Furthermore, Defendants consented for this Court to grant the Plaintiff's requests to be pseudonym Plaintiff and sealed the Case via Jimmy Stewart, Chief of Campus Police.

**WHEREFORE**, MOVER PRAYS that the Court grant the Plaintiff's Leave to proceed by a pseudonym in the above entitled and assigned number matter.

Dated: Bossier City Louisiana
July 15, 2023

Respectfully Submitted,

/s/: John Doe

_____

John Doe
Plaintiff Pro Se
P.O. Box 594
John Doe
Plaintiff Pro Se
c/o: Carlos E. Elias, BS/MT
PO Box 546
Gracie Station
New York, NY 10028
Cell Ph: 1-318-423-8049
gl.law71111@proton.me

6

DOCKET NUMBER:

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JOHN DOE,

Plaintiff

He is commencing a sealed case on his behalf of himself.

-against-

BOSSIER PARISH COMMUNITY COLLEGE, et. al.,

Defendants

---

**MEMORANDUM OF LAW IN SUPPORT OF EX PARTE MOTION TO
PROCEED PSEUDONYMOUSLY AND FOR THE CASE TO BE SEALED**

---

John Doe
Plaintiff Pro Se
c/o: Carlos E. Elias, BS/MT
PO Box 546
Gracie Station
New York, NY 10028
Cell Ph: 1-318-423-8049
gl0016@sunysullivan.edu

**PRELIMINARY STATEMENT**

Plaintiff John Doe ("Plaintiff") respectfully requests this Court's leave to proceed under pseudonyms to protect their identities from public disclosure. At the same time, they pursue their right to file an Order to Show Cause for a preliminary injunction and Emergency Motion to Stay by a temporary restraining order against all Defendants.

This Memorandum of Law in support is to be sealed and to pseudonym Plaintiff for the protection of Plaintiff's rights to be free from retaliation, physical and financial harm, harassment, "**Quip Pro Quo**" illegal control, and ridicule.

Plaintiff John Doe has received several bands from Society because of Defendant's evil conduct. Plaintiff demands Justice for **"Quip Pro Quo"** official Misconduct and Malfeasance behavior from Defendant Bossier Parish Community College and other Co-Defendants and for the **"Plaintiff's protection prohibited or ban from attending other colleges and universities or Ivy league universities and Plaintiff John Doe is a successful student at Defendant Bossier Parish Community College it is unfortunate the is using Illegal "Quip Pro Quo" illegal tactics to contract the Plaintiff committed a criminal illegally active that violent the Plaintiff John Doe of his Fifth Amendment right under the U.S. Constitution."**

The case must be a pseudonym, and the Defendants consented as a matter of Fact for Plaintiff to file as a sealed case for the Plaintiff's John Doe Protection.

**QUESTION PRESENTED**

1. Whether Plaintiff's request warrant the right to be entitled to the Plaintiff to be a pseudonym and the Defendants consented as a matter of Fact for Plaintiff to file as a sealed case for the Plaintiff's John Doe Protection based on this case.

2. Whether Plaintiff's request warrant the right to be entitled to Plaintiff to be a pseudonym base on **Plaintiff's protection prohibited or ban from attending other colleges and universities or ivy league universities and Plaintiff John Doe is a successful student at Defendant Bossier Parish Community College, it is unfortunate the is using Illegal "Quip Pro Quo", illegal tactics to contract the Plaintiff committed a criminal illegally active that violent the Plaintiff John Doe of his Fifth Amendment right under the U.S. Constitution."**

3. Whether Plaintiff's request warrant the right to be entitled to the Plaintiff to be a pseudonym base on the rights for the protection of Plaintiff's rights to be free from retaliation, physical and financial harm, harassment, **"Quip Pro Quo"** illegal control, and ridicule and for **Plaintiff's protection prohibited or ban from attending other colleges and universities or ivy league universities and Plaintiff John Doe is a successful student at Defendant Bossier Parish Community College and Society it is unfortunate the is using Illegal "Quip Pro Quo" illegal tactics to contract the Plaintiff committed a criminal illegally active that violent the Plaintiff John Doe of his Fifth Amendment right under the U.S. Constitution.**

## STATEMENT OF THE FACT

1. On or about February 20, 2023, at 10:32 AM, on the second floor in Study Room 264 in the study room school or college library, Plaintiff was studying the room when two women appeared; the first woman was a Caucasian woman, and the second woman was Ms. Crawford.

2. Ms. Crawford informed the Plaintiff, John Doe, that he was accused of sexual material. Bossier Parish Community College, Defendant Dr. Rick Batman is relevant to the school college of Bossier Parish Community College and did not produce any "collaborative evidence" nor give Plaintiff Mr. Doe "no procedural due process of law" This a cause of action of Malfeasance; because an act that is illegal and physical, mental, or financial harm to another individual (Plaintiff John Doe) as stated in (*id.*, ¶¶ 21-47).

3. Plaintiff John Doe was accused by another Defendant, John Doe, or Defendant Jane Doe, of sexual material. Fact Defendant John Doe and Defendant Jane Doe had "no collaborative evidence" of video recording via cell phone on Plaintiff John Doe, and both Caucasian women and the second woman was Ms. Crawford; both admit they had "no collaborative evidence" as a matter of fact, and Defendant John Doe and Defendant Jane Doe had "no collaborative evidence" video recording via cell phone on Plaintiff John Doe.

4. On or about February 20, 2023, So Called student, as claimed by Defendant Bossier Parish Community College, Defendant Dr. Rick Batman, is relevant to the school college of Bossier Parish Community College without prior knowledge of evidence but relied on hearsay that Plaintiff John Doe was viewing of sexual material on the laptop of his class word the Defendant Bossier Parish Community College,  Defendant Dr. Rick Batman is relevant to the school college of Bossier Parish Community College belief the Defendant John Doe or Defendant Jane Doe without "collaborative evidence" and or required proof from the Defendant John Doe or Defendant Jane Doe, therefore is Consequently, the Defendant Bossier Parish Community College, Defendants Dr. Rick Batman, are liable under the common law doctrine of deceit, intentional Misrepresentation, and Negligent Misrepresentation and Malfeasance.

5. On or about February 20, 2023, Defendant Bossier Parish Community College Defendant Dr. Rick Batman is relevant to the school college of Bossier Parish Community College and Defendant Committee Student Standard, relied on Defendant John Doe or Defendant Jane Doe as students as hearsay which is "not collaborative evidence."

6.  **On or about February 20, 2023, Defendant Bossier Parish Community College Defendant Dr. Rick Batman and Defendant Committee Student Standard believed Defendant John Doe or Defendant Jane Doe as students when in fact, the so-called student did <u>not produce any "collaborative evidence</u>" against Plaintiff John Doe nor the Defendant Student as a private actor.**

7.  **On or about February 23, 2023 Plaintiff John Doe was disabled for the rest of his life based on the lie by Defendant Bossier Parish Community College Defendant Dr. Rick Batman and Defendant Committee of Student standard belief student Defendant John Doe or Defendant Jane Doe on February 21, 2023, place on social media Facebook, Youtube, Twitter, grab tick tock. Rumble and on February 23, 2023, Plaintiff John Doe was banned from Thrifty Liquor at 1978 Airline Drive, Bossier City, LA 71112 because of the Defendants Bossier Parish Community College, Dr. Rick Batman, Committee of Student standards, and Defendant John Doe or Defendant Jane Doe as students because Defendants lie about that Plaintiff John Doe was viewing on sexual mature on Plaintiff John Doe's laptop. Defendant Bossier Parish Community College admitted to Plaintiff Doe that student Defendant John Doe nor Defendant Jane Doe as students nor had video footage or photograph against Plaintiff John Doe. Still, the Defendant, Bossier Parish Community College, has no evidence but only relied upon hearsay statements is "<u>not collaborative evidence</u>" as a matter of law.**

8.  John Doe that Defendant Bossier Parish Community College exposed or exploited Plaintiff John Doe on social media. Now Plaintiff is banned from 85 percent of retail stores, including Thrifty Liquor in Shreveport, Bossier City. Haughton, Louisiana, is not limited to banks, credit unions, and coffee shops. Plaintiff John Doe cannot apply for Louisiana State University, Northwestern University, S.U.N.Y. Sullivan (Sullivan County Community College), etc. Plaintiff is trying to buy potatoes crips in Thrifty Liquor.

9.  Defendant Bossier Parish Community College admitted to the Plaintiff has no evidence against Plaintiff but hearsay on **February 20, 2023, at 10:32 AM.**

10. Defendant Bossier Parish Community College admitted to Plaintiff that Defendant Student John Doe or Defendant Student Jane Doe had no picture evidence against Plaintiff John Doe in his face on **February 20, 2023, at 10:32 AM.**

11. Defendant Bossier Parish Community College admitted to Plaintiff that Defendant Student John Doe or Defendant Student Jane Doe had no video evidence against Plaintiff John Doe in his face on **February 20, 2023, at 10:32 AM on their false allegation that Plaintiff viewed sexually mature contents of nature.**

12. So, hearsay is **not collaborative evidence**, and all Defendants admitted to Plaintiff on **February 20, 2023, at 10:32 AM as fact.**

13. **On or about February 24, 2023,** Defendant Bossier Parish Community College crippled Plaintiff John Doe for life based on the lie, and now Plaintiff cannot obtain Employment.

14. **On or about February 20, 2023,** the rest of Society believed on base lies of gaslighting Plaintiff Mr. John Doe that something he never did because the Defendant **Bossier Parish Community College, Defendant Dr. Rick Batman is relevant to the school college of Bossier Parish Community College, believes the Defendant John Doe or Defendant Jane Doe without evidence and or required proof from the Defendant John Doe or Defendant Jane Doe and Defendants crippled Plaintiff John Doe without evidence and or confirmation needed from the Defendant John Doe or Defendant Jane Doe, therefore, is Consequently, the Defendant Bossier Parish Community College, Defendants Dr. Rick Batman, are liable under the common law doctrine of deceit, intentional Humiliation and common law doctrine of deception, Negligent Humiliation. The Plaintiff has entitled the punitive damages.**

15. **Plaintiff is an outcast because Defendant's cause by gaslighting, false misleading, and misrepresentation to be banned from restaurants and hotels. That is true in this state, and upon information and belief in other states, believe the Defendants' lies like New York State, etc. The Plaintiff has entitled the punitive damages and compensatory damages from the Defendants.**

16. Plaintiff John Doe cannot buy a simple car because **Defendant's cause by gaslighting, false misleading, and misrepresentation got Plaintiff banned by specific Cars deals.**

17. Plaintiff John Doe had to see his psychiatrist on April 24, 2023, at 1 PM.

18. Plaintiff John Doe attached in support of the Complaint what kind of Psychiatric medication Plaintiff John Doe that he had adjusted to the Defendant's shame, embarrassment, humiliation mental trauma and Plaintiff John Doe's psychiatrist had issued him psych medication of **Zyprexa, and Prozac, etc.** because of the mental anguish from the Defendants which as cause him to fail school because of the Defendants reckless behavior to the Plaintiff.   -5-

19. On April 24, 2023, at 1 PM, Plaintiff John Doe saw Dr. Woe at the Ochsner L.S.U. Health, Shreveport, General Psychiatry Outpatient Clinic at 1606 Kings Highway, 2nd Floor, Shreveport, LA 71101.

20. Plaintiff John Doe complained to Dr. Woe at the Ochsner L.S.U. Health that Defendant **Bossier Parish Community College, Defendant Dr. Rick Batman, and all following Defendants lied about and Plaintiff John Doe and Plaintiff lost his mind and endured** mental anguish from the Defendants statements he was engaging in the act of Malfeasance. The Defendants' conduct was reckless behavior, misconduct, intent to harm, and act in bad faith against Plaintiff John Doe and was never perfect faith.

21. On April 24, 2023, at 2:15 PM, Dr. Woe, psychiatric medication of Prozac, Plaintiff John Doe, based on the depression and the mental anguish from the Defendants' conduct, and he entitled to General Compensatory Damages that are Non-economic losses are <u>those losses</u> that can't be easily determined, such as pain and suffering and emotional distress.

22. Plaintiff John Doe wants to explain an experience in a real-life situation that is relevant to this fact of this Complaint that happened to Mr. Doe, was at Rhino Coffee on March 5, 2023, at 624 Texas Street, Shreveport, LA 71101, is about on Sunday, an approximate time of 5:24 PM, harassed by a mentally ill man and there a significant number of witnesses that saw what happen to me an

23. Plaintiff John Doe has personally experienced retaliation from his lawsuit because he was banned from the College Library. Defendant Bossier Parish Community College refused to provide him with financial aid.

24. Upon information and nature, Co-Defendant John Doe or Jane Doe may be minors.

25. Plaintiff John Doe is still determining the age of the Co-Defendant, John Doe or Jane Doe.

26. On June 15, 2023, at approximately 2:25 PM, Plaintiff was confronted by an older Caucasian man who wight in around 180 IBS to 201 by an approximate age of 60 to 72.

27. This person advised Plaintiff to present on Monday, June 19, 2023. An email was sent on June 15, 2023, to Plaintiff John Doe, comes in Building A, in Room 222 at 9:30 AM, **annexed Exhibit B hereto is an accurate and correct copy of the filed timely appointment card stating Plaintiff John Doe must be there at June 19, 2023, at Room A 222 at 9:30 AM.** Jimmy Stewart, Chief of Campus Police, advised the Plaintiff, John Do, orally on June 15, 2023, a susceptible matter "Do not say this no one but except Jimmy Stewart, Chief of Campus."

28. Plaintiff advised Mr. Jimmy Steward and Mr. Steward agreed that Plaintiff's lawsuit should be filed with a seal and pseudonyms Lawsuit against Defendant Bossier Parish Community College as soon as possible.

**29.** Chief of Campus, Jimmy Stewart, agreed and consented that Plaintiff John Doe's case should seal. Pseudonym the s Lawsuit matter of fact on June 15, 2023, and is a sensitive issue and concern because of the fact Mr. Steward brought up to the Plaintiff's attention.

30. On June 15, 2023, Jimmy Stewart, Chief of Campus, advised Plaintiff Doe that he emailed Mr. Doe on June 15, 2023, at 10:11 AM, and the email read this: **Annexed Exhibit C hereto is an accurate and correct copy of the email communication to Plaintiff John Doe –**

"Good morning, Gilbert; please allow me to introduce myself. I am Jimmy Stewart, Chief of Campus Police. Vice Chancellor Karen Recchia and I need to meet with you Monday, June 19, 2023, at 0930 hours. This meeting will be in A 222. This is located on the second floor of A building. This meeting is in reference to a complaint received regarding you. This meeting is mandatory, and your presence is required. If you have any questions, please contact me at 318-678-6195. Refrain from contacting any faculty or staff about this. Your point of contact regarding any questions is the office of the campus police.

Respectfully,
Jimmy Stewart
Chief of Campus Police
Bossier Parish Community College
318-678-6195   Office"

31. Plaintiff John Doe advised Mr. Steward that he (Plaintiff John Doe) does not enjoy some lying and will seek every legal remedy on Plaintiff John Doe's right.

32. Mr. Steward noted that he said to Plaintiff John Doe, and Mr. Steward stated to Plaintiff that Mr. Steward hates someone about himself too.

33. The Defendant cannot create their own United States Constitution. They have no right to correct their own Louisiana state constitution. The defendants are not Congress, and the Defendants (they) are not the state legislator. In other words, Congress may propose Amendments through a joint resolution passed by a two-thirds vote or by a convention called by Congress.

34. In response to applications from two-thirds of the state legislatures. Louisiana does not feature a process for initiating constitutional amendments. Thus, amendments in Louisiana can be put on the ballot through referral by the legislature or a constitutional convention. In other words, the defendants are not Congress to Institute a joint resolution to pass by 2/3 of the vote to amend our U.S. Constitution, nor the Defendant can they Institute their constitutional convention to make their version of the Louisiana state constitution and record this fishing for evidence and violent vigilante tactics and policies are not laws. Defendants and Vice-Chancellor Karen Recchia's behavior Rule is Arbitrary, Capricious or Contrary to Law to make the point that Defendants and Vice-Chancellor Karen Recchia are trying to use violent vigilante tactics own pro se U.S. Congress and State legislature, for example, a federal agency may not promulgate a regulation that is arbitrary, capricious, or contrary to law. **5 U.S.C. § 706(2); Bowen v. Yuckert, 482 U.S. 137, 145 (1987).** On July 11, 2023, at 12:39 PM, Plaintiff John Doe Spoke to Karen Reccina and Defendants and Vice-Chancellor Karen Recchia, demanding and threatening Plaintiff John Doe under **duress** against Plaintiff John Doe, that if the Plaintiff does not sign a behavioral contract admit his guilty and do not sign a behavioral statement contract than his block from registration from the fall semester year 2023 and final expelled. This is a Prima Facie tort because Defendants and Vice-Chancellor Karen Recchia have no collaborative evidence and constitute fishing for evidence and making fake and imaginary evidence and framing the Plaintiff, John Doe, for a crime he did not commit by threats, violence, constraints, or other action brought to bear on someone to something against Plaintiff's will or better judgment by Defendants and Vice-Chancellor Karen Recchia. Plaintiff will not comply nor kneel to the Defendants, and Vice-Chancellor Karen Recchia have no collaborative evidence and constitute fishing for evidence and making fake and imaginary evidence and framing the Plaintiff, John Doe, for a crime he did not commit by threats, violence, constraints, or other action brought to bear on someone to something against Plaintiff's will or better judgment in unconstitutional to self-incriminate himself, therefore, is constituted is arbitrary, capricious, or contrary to law.

35. This happened before with a celebrity in another state. Do the Defendants know that it is unconstitutional to self-incriminate yourself? This stated a fact that Plaintiff's motion constitutes a point out a proof of behavioral statement contract is arbitrary, capricious, or contrary to law by Defendants Bossier Community College and other Co-Defendants.

---

1.  Duress defines threats, violence, constraints, or other action brought to bear on someone to do something against their will or better judgment.

-8-

## SUMMARY ARGUMENT

The main reason is the law in the Fifth Federal Circuit Court of Appeals and State Louisiana State Courts in favor of Plaintiff John Doe.

Petitioners are 1) challenging government action; the nature of the information they seek to protect is of the utmost intimacy, and 2) releasing their identities would make them vulnerable to extensive harassment and possible violent reprisals, and 3) hostile public reaction was their identities disclosed to the public. 4) Their privacy concerns outweigh the public's interest in knowing their identities and any harm to the Parties from failure to disclose their names.

In the Fifth Federal Circuit Court of Appeals case, the Plaintiff, John Doe, does not have to meet prefect all the requirements by caselaw because nothing is perfect, but Plaintiff under the Fifth Federal Circuit Court of Appeals needed criteria  "2) releasing their identities would make them vulnerable to extensive harassment, possible violent reprisals,  3) hostile public reaction was their identities disclosed to the public, 4) Their privacy concerns outweigh the public's interest in knowing their identities and any harm to the Parties from failure to disclose their names.

4.  The privacy concerns outweigh the public's interest in knowing their identities and any harm to the Parties from failure to disclose their names filed for the reason of free from retaliation, physical and financial harm, harassment, "Quip Pro Quo" illegal control, and ridicule and for **Plaintiff's protection prohibited or ban from attending other colleges and universities or ivy league universities and Plaintiff John Doe is a successful student at Defendant Bossier Parish Community College and Society it is unfortunate the is using Illegal "Quip Pro Quo" illegal tactics to contract the Plaintiff committed a criminal illegally active that violent the Plaintiff John Doe of his Fifth Amendment right under the U.S. Constitution.**
Plaintiff tends to go to law school, and Plaintiff must maintain an ethical perfection Defenders are trying to sabotage it because **Defendant, Bossier Parish Community College, has no collaborative evidence** but only relied upon hearsay statements is "**not collaborative evidence**" as a matter of law.

**ARGUMENT**

.

**POINT I**

**A COURT CAN PERMIT A LITIGANT TO USE A PSEUDONYM IN THOSE FEW "EXCEPTION CASES AS A MATTER OF LAW"**

A court can permit a litigant to use a pseudonym in those few "exceptional cases where the party has a privacy right so substantial as to outweigh the 'customary and constitutionally embedded presumption of openness in judicial proceedings.'" Id. (quoting Doe v. Frank, 951 F.2d 320, 323 (11th Cir. 1992)). The Court has an independent duty to determine whether the requisite exceptional circumstances exist. Doe v. Blue Cross & Blue Shield United of Wisconsin, 112 F.3d 869, 872 (7th Cir. 1997).

The Court finds that exceptional circumstances exist here. Two factors convince the Court to permit Plaintiff to use a pseudonym. First, a pseudonym Case may be allowed when the Plaintiff is unusually vulnerable in some way, such that revealing his identity may subject him to harm. E.g., **Doe v. City of Chicago, 360 F.3d 667, 669 (7th Cir. 2004) ("the court may consider whether the plaintiff is a "likely target of retaliation by people who would learn her identity only from a judicial opinion or another court filing"). The Plaintiff has presented evidence that he is vulnerable to retaliation.")**

Furthermore, Defendant **Bossier Parish Community College, Defendant Dr. Rick Batman, and all the following Defendants lied about Plaintiff John Doe. Plaintiff lost his mind and endured** mental anguish from the Defendants' statements that he was engaging in the act of Malfeasance. The Defendants' conduct was reckless behavior, misconduct, intent to harm, and act in bad faith against Plaintiff John Doe and was never perfect faith.

Defendant **Bossier Parish Community College, Defendant Dr. Rick Batman, Defendant Committee of Students Standards, and all the following John Doe and/or Jane Doe Students C0-Defendants** have intentionally embarrassed him when he uses identification because of the contrast between his appearance and his male legal name. Revealing his identity on the public docket could spur retaliatory conduct from those with whom the Plaintiff usually interacts, and the Court can permit a litigant to use a pseudonym in those few "exceptional cases where the party has a privacy right so substantial as to outweigh the 'customary and constitutionally embedded presumption of openness in judicial proceedings.'" Id. (quoting Doe v. Frank, 951 F.2d 320, 323 (11th Cir. 1992)), meaning is made as a tool by case law to protect litigated from sham, embarrassed him by Revealing his identity on the public docket could spur retaliatory conduct from those with whom the Plaintiff usually interacts by facing real and serious risks if his identity is exposed. Plaintiff John Doe has personally experienced retaliation from his lawsuit because he was banned from the College Library. Defendant Bossier Parish Community College refused to provide him financial aid because Plaintiff John Doe served the Second Amended Notice of Claims because of his allegations in this lawsuit.

Both Louisiana state laws about Court can permit a litigant to use a pseudonym in those few "exceptional cases where the party has a privacy right so substantial as to outweigh the 'customary and constitutionally embedded presumption of openness in judicial proceedings.

In the State of Louisiana, state case laws about that, courts can permit a litigant to use a pseudonym. "In these circumstances. However, disclosure is warranted only when the public's right of access is "sufficiently compelling to override" the individual's right to privacy. ***Angelo Iafrate*** , **03–0892, p. 13, 879 So.2d at 260." *Rasier, L.L.C. v. City of New Orleans*, 222 So. 3d 806, 818 (La. Ct. App. 2017).**

**POINT II**

**PLAINTIFF JOHN DOE HAS GOOD CAUSE TO PLACE THE CASE UNDER A SEALED CASE AS A MATTER OF LAW.**

In *Loeb v. Vergara*, 313 So. 3d 346, 362-63 (La. Ct. App. 2021) ("(Although there may be some justification for sealing certain sensitive evidence in a proceeding, the parties have the burden of making a specific showing that their privacy interests outweigh the public's constitutional right of access to the record. Should it grant such relief, the trial court must ensure that its order is narrowly tailored to cause the least interference possible with the right of public access. *Copeland*, 2007-0177, p. 2, 966 So. 2d at 1041-1042 (citing *Copeland v. Copeland*, 2006-1023 (La. 6/2/06), 930 So. 2d 940 ).")

As Plaintiff John Doe has said, this information alone constitutes highly sensitive and personal information. It favors allowing Plaintiff John Doe to proceed anonymously. See S.M.U., 599 F.2d at 712-13.

In some state court cases, the Louisiana state case law has the right to open the record of the Plaintiff, John Doe. Still, Federal case law supersedes Louisiana state case law. In *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978), -"The right of the public to see Plaintiff John Doe's Court records is not **absolute** as a matter of law in *The Am. Auto. Ass'n v. A.A.A. Parts & Salvage*, 3:21-cv-002, at *1 (N.D. Miss. March 20, 2023) ("Courts recognize "a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "The right is "not absolute," and "[e]very court has supervisory power over its records and files." *Id.* at 597-98.")." and in "La. Const. Art. 1, § 5 provides, in pertinent part, that every person shall be secure in their person, property, communications, houses, papers, and effects against unreasonable searches, seizures, or invasions of privacy. This provision protects certain documents and information from disclosure. *In re Kemp, supra*." *Szwak v. Szwak*, 163 So. 3d 911, 919 (La. Ct. App. 2015).

---

1. *Szwak v. Szwak*, 163 So. 3d 911 (La. Ct. App. 2015) in the Louisiana State Court of Appeals for the Second Circuit.

POINT III

**THE PLAINTIFF HAS GOOD CAUSE TO BE GRANTED LEAVE TO BE PSEUDONYM AS A MATTER OF LAW**

A.                                Legal Standard
   1.  **Standard Governing a Plaintiff's Use of a Pseudonym**

He (Plaintiff John Doe) is also a Bossier Parish Community College student. In June 2012, Plaintiff John Doe feared disclosure of her real name in this lawsuit because He worried that disclosing his name and identity threat status could put him at risk "from retaliation, physical and financial harm, harassment, "**Quip Pro Quo**" Illegal control, and ridicule and for **Plaintiff's protection prohibited or ban from attending other colleges and universities or ivy league universities and Plaintiff John Doe is a successful student at Defendant Bossier Parish Community College and Society it is unfortunate the is using Illegal "Quip Pro Quo": illegal tactics to contract the Plaintiff committed a criminal illegally active that violent the Plaintiff John Doe of his Fifth Amendment right under the U.S. Constitution."**

While recognizing that, as a general matter, there is "a clear and strong First Amendment interest in ensuring that '(w)hat transpires in the courtroom is public property,'" id. (Quoting Craig v. Harney, 331 U.S. 367, 374 (1947)), this Court has held that the "normal practice of disclosing the parties' identities yields 'to a policy of protecting privacy in a very private matter,'" id. (**Quoting S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe, 599 F.2d 707, 713 (5th Cir. 1979)) ("S.M.U.") (internal citation omitted)**

Under Fifth Circuit precedent, there is "no hard and fast rule for courts to follow when deciding whether to allow a party to proceed under a fictitious name." **Stegall, 653 F.2d at 185**. Instead, the Court must decide whether the considerations for maintaining a party's privacy outweigh the presumption of openness in judicial proceedings. Id. at 186; see also Doe v. Beaumont Indep. Sch. Dist., 172 F.R.D. 215, 216 (E.D. Tex. 1997).

A plaintiff satisfies factors one and two, sufficient to warrant proceeding anonymously. **See, e.g., Doe v. El Paso City Hosp. Dist., No. EP-13-CV-00406-DCG, 2015 WL 1507840, at \*2 (W.D. Tex. April 1, 2015).**

In addition to these three commonly utilized factors, courts also consider "the relevant facts and circumstances of a particular case," including, for example, "the threat of a hostile public reaction to a lawsuit, . . . in conjunction with the other factors, when deciding whether to permit a party to use a pseudonym." Rose v. Beaumont Indep. **Sch. Dist., 240 F.R.D. 264, 266 (E.D. Tex. 2007).** Petitioners' fears of this genuine threat and harassment, even violence, weighs in favor of 6 proceedings under pseudonyms. **See Doe, Comp**. Ex. A ¶¶ 16, 18; Ex. B ¶¶ 15- 16;

-13-

The nature of Plaintiff John Doe's sensitive and personal information justifies allowing them to proceed under pseudonyms. Here, by identifying as individuals subject to the May 19 Court Order, Petitioners necessarily reveal that they are: The "general rule [is] that a complaint must state the names of the parties." **Citizens for a Strong Ohio v. Marsh, 123 F. App'x 630, 636 (6th Cir. 2005) (citing Fed. R. Civ. P. 10(a)); see also Smith v. S.E.C., 129 F.3d 356, 359 n.1 (6th Cir. 1997) (noting the "strong presumption that court files will be open to the public"). This rule has "constitutional overtones," as a plaintiff's use of a pseudonym "runs afoul of the public's common law right of access to judicial proceedings, a right that the First Amendment supports." Doe v. Del Rio, 241 F.R.D. 154, 156 (S.D.N.Y. 2006) (quoting I thru XXIII v. Advanced Textile Corp., 214 F.3d 1058 (9th Cir. 2000)** (internal quotation marks omitted); see also Doe v Kamehameha Schs./Bernice Pauahi Bishop Est., 596 F3d 1036, 1042 (9th Cir. 2010) ("The normal presumption . . . that parties must use their real names . . . is loosely related to the public's right to open courts and the right of private individuals to confront their accusers." (internal citations omitted)).

The Sixth Circuit has identified a non-exhaustive list of factors courts may consider in determining whether "special circumstances" exist to justify an exception to the rule, including:

1. This information alone constitutes highly sensitive and personal information and favors allowing Plaintiff John Doe to proceed anonymously. **See S.M.U., 599 F.2d at 712-13.**

Similarly, Plaintiff John Doe has intense fears about the retaliation and harassment that his financial information could be subjected to if his

As I have said in my summary argument, the Court finds that exceptional circumstances exist here. Two factors convince the Court to permit Plaintiff to use a pseudonym.

The Court finds that exceptional circumstances exist here. Two factors convince the Court to permit Plaintiff to use a pseudonym.

First, a pseudonym Case may be allowed when the Plaintiff is unusually vulnerable in some way, such that revealing his identity may subject him to harm. **E.g., Doe v. City of Chicago, 360 F.3d 667, 669 (7th Cir. 2004) (Court may consider whether the Plaintiff is a "likely target of retaliation by people who would learn her identity only from a judicial opinion or other court filings").**

The Plaintiff has presented evidence that he is vulnerable to retaliation. Police officers have ridiculed him, detained him, and called him an "it" because of the incongruence between his given name and his physical appearance. Merchants have intentionally embarrassed him when he uses identification because of the contrast between his appearance and his female legal name. Revealing his identity on the public docket could spur retaliatory conduct from those with whom the Plaintiff usually interacts. The Plaintiff's business associates, or business customers, know him by a male name and do not know his legal first name but would learn his name if he is not allowed to use a pseudonym.

-14-

The media is interested in this case; news articles appeared online and in print shortly after filing. Suppose the public were to learn his name. In that case, he might be targeted with threats or incidents of harm by persons who are intolerant of transgender persons. In sum, Plaintiff has made a sufficient showing of injury or potential damage to proceed anonymously.

Even the United States Supreme Court has implicitly endorsed the practice, most famously in **Roe v. Wade, 410 U.S. 113, 124 (1973) and Doe v. Bolton, 410 U.S. 179, 187 (1973) ("Our decision in Roe v. Wade, establishes that, despite her pseudonym, we may accept as true, for this case, Mary Doe's existence and her pregnant state."). See also Plyler v. Doe, 457 U.S. 202 (1982); Poe v. Ullman, 367 U.S. 497, 498 n. 1 (1961).**

## POINT IV

### THE MAIN COMPELLING REASON AS A GOOD CAUSE FOR THE PLAINTIFF MUST BE A PSEUDONYM.

**A look for in the Complaint or Due to the nature of the allegations of the Complaint, see, See Doe, Comp. Ex. A ¶¶ 22, 23, 24 25, and 31, to the Plaintiff as a victim of a sex offense accused with no evidence from the Defendants, and they admitted having no evidence. Plaintiff John Doe must be a pseudonym. In the Louisiana State Supreme Court, this State ruling favored my case in the same or similar matter "Due to the nature of the allegations of the petition, which refer to the plaintiff as a victim of a sex offense, the plaintiff has been referred to throughout this case by the pseudonym "Jane Doe," pursuant to La. R.S. 46:1844(W)." Doe v. Southern Gyms, L.L.C., 112 So. 3d 822, 825 n.2 (La. 2013) and my case is about, and please look at my original Complaint at See Doe, Comp. Ex. A ¶¶ 22, 23, 24 25, and 31.,**

A. **This must seal the case Confidentiality of crime victims who are minors, victims of sex offenses, and wrongly accused by Defendants and admitted they have no evidence. "Every person shall be secure in their person, property, communications, houses, papers, and effects against unreasonable searches, seizures, or invasions of privacy pursuant to La. Const. Art. 1, § 5."**

Furthermore, the Court must be sealed higher than the Louisiana State Supreme Court. Is the United States Supreme Court held that" **Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978)** ?"The right is "not absolute," and "[e]very court has supervisory power over its records and files." **Id. at 597-98.");** and in "La. Const. Art. 1, § 5 provides, in pertinent part, that every person shall be secure in their person, property, communications, houses, papers, and effects against unreasonable searches, seizures, or invasions of privacy.

The **Louisiana State Court of Appeals Court agrees with the United States Supreme Court that This provision protects certain documents and information from disclosure. In re Kemp, supra." Szwak v. Szwak, 163 So. 3d 911, 919 (La. Ct. App. 2015) and this Constitution agree with the Plaintiff in pursuant to "La. Const. Art. 1, § 5.**

-15-

## CONCLUSION

For these reasons, the Plaintiffs respectfully request that this Court grant their motion to proceed anonymously and to seal the case from Public general inspection and copy public records and documents, including judicial records and documents under *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597 (1978).

Dated: September 9, 2023

Respectfully Submitted,

John Doe
Plaintiff Pro Se
c/o: Carlos E. Elias, BS/MT
PO Box 546
Gracie Station
New York, NY 10028
Cell Ph: 1-318-423-8049
gl0016@sunysullivan.edu

---

1.  **Pursuant to La. R.S. 46:1844(W)- "W.** Confidentiality of crime victims who are minors, victims of sex offenses, and victims of human trafficking-related offenses." This is one example of good reason as a matter of law.

-16-